WALLER, Chief Justice,
dissenting:
¶ 24. Because I would find that Wood-field fails to show that Knight had sufficient contacts with Mississippi and that this State cannot constitutionally exercise personal jurisdiction over Knight, I respectfully dissent.
¶25. “Minimum contacts” must occur between the defendant and the forum state and not just between the defendant and a resident of the forum state. See McDaniel v. Ritter, 556 So.2d 303, 309 (Miss.1989). The plaintiff must prove that the defendant’s contacts were “expressly aimed” at the forum state. Calder v. Jones, 465 U.S. 783, 789, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). Ultimately, the facts here do not show that Knight’s conduct was ever purposefully directed towards Mississippi.
¶ 26. While Dokka and Woodfield moved to Mississippi, Dokka commuted to Louisiana, where she worked for the same employer as Knight. All in-person contacts between Dokka and Knight took place in Louisiana. Ml telephone conver *1002 sations and text messages between them were conveyed by or to Dokka’s Louisiana cell-phone number. In fact, Woodfield stated that the some 900 text messages exchanged were from Dokka to Knight. The fact that Dokka may have accessed emails in Mississippi is of no moment, as emails can be accessed anywhere. The substance of the e-mails also suggests that Dokka independently chose to leave the marriage. See Estate of Jones v. Phillips, 992 So.2d 1131, 1141 (Miss.2008) (finding minimum contacts where nonresident doctor’s telephone call to resident had induced resident to take specific course of action rather than to act independently).
¶ 27. Woodfield has not provided a sufficient basis to show that Knight purposefully directed any conduct toward this state. Horne v. Mobile Area Water & Sewer Sys., 897 So.2d 972, 979 (Miss.2004). Since no minimum contacts exist, this State cannot exercise personal jurisdiction. Accordingly, I would reverse the lower court’s judgment denying Knight’s motion to dismiss.
CHANDLER, J., JOINS THIS OPINION.